IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EAGLE TRANSPORTATION, LLC**  PLAINTIFF

V.  CIVIL ACTION NO. 2:11-CV-96-KS-MTP

**WILLIE SCOTT, et al.**  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's Motion to Remand [5] is denied. The parties shall contact the Magistrate Judge within three (3) days of the entry of this order for purposes of scheduling a case management conference.

### I. BACKGROUND

Plaintiff holds itself out as a broker of motor transportation services. On November 18, 2008, Plaintiff and Defendant Willie Scott, doing business as Scotty's Trucking, executed a Motor Carrier Agreement. According to the contract, Scott agreed to transport and deliver specific commodities according to Plaintiff's instructions, on behalf of the commodities' owners (the "shippers"). The contract also required Scott to perform his services in a good and workmanlike manner, in accordance with the highest standards of the trade. Scott agreed to indemnify, defend, release, and hold Plaintiff and the shippers harmless "from and against all liability, costs and expense for loss or damage to property

1

and/or injury to or deaths of persons (including, but not limited to, the property and employees of each party [to the contract]) when arising or resulting, directly or indirectly, from any" of his acts or omissions "associated with or arising out of" the contract. The contract provided that Scott shall be liable to Plaintiff, to the extent of its interest, and to the shippers "for loss or damage to any property transported" under the contract "as set forth under 49 U.S.C. § 14706." The contract defined Scott's liability as "the full value of the damaged or lost item(s)."

Around August 7, 2009, Peco Foods, Inc. ("Peco") hired Plaintiff to transport a truckload of frozen chicken from Sebastopol, Mississippi, to Wixom, Michigan. Plaintiff then hired Scott to transport the chicken. Around August 9, 2009 – during transit – most of the cargo was damaged beyond salvage. Shortly thereafter, Defendant Great American Insurance Company ("Great American"), Scott's insurer, seized what was left of the cargo and sold it for salvage value.

Plaintiff subsequently filed a claim with Great American, requesting payment for the cargo transported by Scott. Plaintiff alleges that it reimbursed its client, Peco, for the lost cargo. On July 28, 2010, Great American denied Plaintiff's claim, and issued Plaintiff a check for $2,056.25 – an amount representing the salvage value of the remaining cargo.

Plaintiff filed the present action in the County Court of Lamar County, Mississippi, on March 11, 2011. Plaintiff brought state law claims for breach of contract and negligence,

naming Scott and Great American as Defendants. Plaintiff claims Scott breached the Motor Carrier Agreement by failing to deliver the goods, allowing them to be damaged, and failing to indemnify Plaintiff for its liability to Peco. Plaintiff also claims Scott negligently allowed the cargo to be damaged and failed to deliver it as required, and that Great American negligently failed to sell the salvage for reasonable value. Plaintiff seeks $50,391.19 in monetary damages and a declaratory judgment as to coverage of its claim on the insurance policy issued by Great American.

Great American removed the case to this Court on April 25, 2011. Plaintiff filed a Motion to Remand [5] on May 4, 2011, which the Court now addresses.

## II. STANDARD OF REVIEW

A party may remove an action from state court to this Court if the action could have originally been filed here. 28 U.S.C. § 1441(a). This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723

---

[1] Defendant also asserted that removal was proper because the Court possessed original jurisdiction pursuant to 28 U.S.C. § 1337, which provides that the Court has "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . ." 28 U.SC. § 1337(a). "There is no distinction . . . between the 'arising under' requirements for section 1337 and section 1331." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n. 2 (5th Cir. 2003) (quoting *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1168 n. 6 (5th Cir. 1989)).

(5th Cir. 2002) (citing cases). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citing *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

"Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011). However, "[a]n exception to the well-pleaded complaint rule arises when Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Gutierrez*, 543 F.3d at 252). Therefore, "[u]nder the 'complete preemption' doctrine, 'what otherwise appears as merely a state law claim is converted to a claim arising under federal law for jurisdictional purposes because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Id.* (quoting *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008)).

### III. DISCUSSION

The Carmack Amendment to the Interstate Commerce Act "allows a shipper to recover damages from a carrier for 'actual loss or injury to the property' resulting from the transportation of cargo in interstate commerce." *The Nat'l Hispanic Circus, Inc. v. Rex*

*Trucking Inc.*, 414 F.3d 546, 549 (5th Cir. 2005) (citing 49 U.S.C. § 14706(a)(1)). "A carrier's liability under the Carmack Amendment includes all reasonably foreseeable damages resulting from the breach of its contract of carriage, 'including those resulting from nondelivery of the shipped goods as provided by the bill of landing.'" *Id.* at 549. The United States Court of Appeals for the Fifth Circuit has held that "Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins*, 343 F.3d at 778. Therefore, if facts asserted in Plaintiff's Complaint give rise to a cognizable claim under the Carmack Amendment, the state law causes of action is preempted, and this case presents a federal question. If Plaintiff's allegations do not give rise to a cognizable Carmack claim, the Court is without jurisdiction, and the case must be remanded.

> The Carmack Amendment provides, in pertinent part:
>
> A carrier . . . shall issue a receipt or bill of lading for property it receives for transportation. . . . That carrier and any other carrier that delivers the property . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading . . . . Failure to issue a bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service

49 U.S.C. § 14706(a)(1). The statute further provides:

> The carrier issuing the receipt or bill of lading under subsection (a) of this section or delivering the property for which the receipt or bill of lading was issued is entitled to recover from the carrier over whose line or route the loss or injury occurred the amount required to be paid to the owners of the property, as evidenced by a receipt, judgment, or transcript, and the amount of its expenses reasonably incurred in defending a civil action brought by that person.

49 U.S.C. § 14706(b). The statute provides for civil actions against the "delivering carrier" or the "carrier alleged to have caused the loss or damage." 49 U.S.C. § 14706(d)(1), (2).

For purposes of determining whether the Carmack Amendment applies, a "carrier" is defined as "a motor carrier, a water carrier, [or] a freight forwarder." 49 U.S.C. § 13102(3). A "motor carrier" is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). A "broker" is defined as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). There does not seem to be any dispute over the parties' roles in the events preceding this case. It is generally agreed that Plaintiff was the transportation broker, Peco was the shipper, and Scott was the carrier.

Plaintiff argues that the Carmack Amendment preempts state law claims by shippers against carriers for loss stemming from the transportation of goods, and,

therefore, the present action is not preempted, as it is between a broker and a carrier. Great American advanced three arguments in response, but it is only necessary for the Court to address one of them. Great American argues that the United States Court of Appeals for the Fifth Circuit has so broadly construed the Carmack Amendment that it preempts Plaintiff's state law claims. Upon careful examination of the governing law and the allegations of Plaintiff's Complaint, the Court concludes that Count Two of the Complaint is preempted by the Carmack Amendment.

The Fifth Circuit has not squarely addressed whether the Carmack Amendment can preempt a broker's claims against a carrier. However, it has held that "Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damage to goods arising from the interstate transportation of those goods by a common carrier." *Tran Enters., LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1008 (5th Cir. 2010) (quoting *Hoskins*, 343 F.3d at 778). Therefore, Carmack preemption extends to all claims stemming from "any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Id.* (quoting *New York, Philadelphia & Norfolk R.R. Co. v. Peninsula Produce Exch. of Maryland*, 240 U.S. 34, 36 S. Ct. 230, 232, 60 L. Ed. 511 (1916)). The Fifth Circuit has also noted that "state laws are pre-empted by the Carmack Amendment if they 'in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery." *Hoskins*, 343 F.3d at 777 (quoting *Charleston & W.*

*Carolina Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 603, 59 L. Ed. 1137, 35 S. Ct. 715 (1915)). Carmack Amendment preemption has extended to claims premised upon a carrier's "alleged failure to remit COD payments for goods that were properly delivered,"[2] claims stemming from a carrier's failure to ship goods on time,[3] and state law conversion claims arising out a carrier's storage of goods because of a dispute over transportation costs.[4]

In Count Two of the Complaint, Plaintiff alleged that Scott "owed a duty to Eagle to pickup, transport, and deliver the goods without damage or loss to the goods," and that Scott "breached its duty by failing to deliver all of the goods as required and allowing the property being transported to become lost and/or damaged." To determine whether Plaintiff's negligence claims are preempted by the Carmack Amendment, the Court must first determine the source of the duties to which Plaintiff refers. One could argue that Plaintiff refers to duties arising from its transportation contract with Scott. However, in that case the negligence claim would be a mere restating of Count One's breach of contract claim. Plaintiff's inclusion of a general negligence claim against Great American – with whom Plaintiff has not entered into a contractual relationship – suggests that Count Two

---

[2]*Id.*

[3]*See Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993).

[4]*Duerrmeyer v. Alamo Moving and Storage One, Corp.*, 49 F. Supp. 2d 934, 936 (W.D. Tex. 1999).

refers to general common-law duties. Furthermore, Plaintiff explicitly stated in Count One that Scott was "contractually obligated" to perform certain tasks. Count Two contains no references whatsoever to the contract. Accordingly, the Court concludes that Plaintifff, in Count Two of the Complaint, seeks to impose liability on Scott under a common-law negligence theory.

"[S]tate laws are pre-empted by the Carmack Amendment if they 'in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery." *Hoskins*, 343 F.3d at 777 (quoting *Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 603, 59 L. Ed. 1137, 35 S. Ct. 715 (1915)). "Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of the contract of carriage, including a liability for default in any common-law duty as a common carrier." *Id.* (quoting *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983)). Whether Plaintiff stands in the shoes of a broker or a shipper is of less consequence to the present action than the fact that Plaintiff seeks to impose a common-law duty upon Scott, a carrier, in relation to the interstate transportation of goods. The purpose of the Carmack Amendment is to provide an exclusive, uniform national remedy against carriers. *Id.* Plaintiff is plainly trying to impose a standard of care upon Scott that is either concurrent with or in addition to that imposed by the Carmack Amendment.

To be clear: the Court expresses no opinion as to whether a transportation broker's breach of contract claim against a carrier is preempted by the Carmack Amendment. The Court merely finds that Plaintiff's negligence claim as to Defendant Scott is an attempt to enlarge the common-law duties of a carrier beyond those imposed by the Carmack Amendment. It is arguable that the Fifth Circuit only intended to forbid enlargement of the common-law duties owed to *shippers*, as opposed to brokers or other third parties. However, the Court concludes that is not the case, given the purpose of the Carmack Amendment and the Fifth Circuit's broad description of its preemptive scope. *Id.* Common-law negligence claims by brokers present the same barriers to a uniform, national system of liability as those by shippers.

### IV. CONCLUSION

For the reasons stated above, the Court holds that Count Two of the Complaint is preempted by the Carmack Amendment. Accordingly, Plaintiff's Motion to Remand [5] is denied and the Stay previously granted in this case is lifted and the case is returned to the Administrative Track. The parties shall contact the Magistrate Judge within three (3) days of the entry of this opinion and order for purposes of scheduling a Case Management Conference.

SO ORDERED AND ADJUDGED this 7th day of June, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE
