# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**EAGLE TRANSPORTATION, LLC**                                            **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:11-CV-96-KS-MTP**

**WILLIE SCOTT, et al.**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Plaintiff's Motion for Partial Summary Judgment [42] against Defendants Willie Scott and Willie Scott d/b/a Scotty's Trucking.

## I. BACKGROUND

Plaintiff holds itself out as a broker of motor transportation services. On November 18, 2008, Plaintiff and Defendant Willie Scott, doing business as Scotty's Trucking (hereinafter referred to collectively as "Scott"), executed a Motor Carrier Agreement. According to the contract, Scott agreed to transport and deliver specific commodities according to Plaintiff's instructions, on behalf of the commodities' owners (the "shippers"). The contract also required Scott to perform his services in a good and workmanlike manner, in accordance with the highest standards of the trade. Scott agreed to indemnify, defend, release, and hold Plaintiff and the shippers harmless "from and against all liability, costs and expense for loss or damage to property and/or injury to or deaths of persons (including, but not limited to, the property and employees of each party [to the contract]) when arising or resulting, directly or indirectly, from

any" of his acts or omissions "associated with or arising out of" the contract. The contract provided that Scott shall be liable to Plaintiff, to the extent of its interest, and to the shippers "for loss or damage to any property transported" under the contract "as set forth under 49 U.S.C. § 14706." The contract defined Scott's liability as "the full value of the damaged or lost item(s)."

Around August 7, 2009, Peco Foods, Inc. ("Peco") hired Plaintiff to transport a truckload of frozen chicken from Sebastopol, Mississippi, to Wixom, Michigan. Plaintiff then hired Scott to transport the chicken. Around August 9, 2009 – during transit – most of the cargo was damaged beyond salvage. Shortly thereafter, Defendant Great American Insurance Company ("Great American"), Scott's insurer, seized what was left of the cargo and sold it for salvage value.

Plaintiff subsequently filed a claim with Great American, requesting payment for the cargo transported by Scott. Plaintiff alleges that it reimbursed its client, Peco, for the lost cargo. On July 28, 2010, Great American denied Plaintiff's claim, and issued Plaintiff a check for $2,056.25 – an amount representing the salvage value of the remaining cargo.

Plaintiff filed the present action in the County Court of Lamar County, Mississippi, on March 11, 2011, alleging state law claims of breach of contract and negligence against Scott. Great American removed the case on April 25, 2011. Plaintiff filed a Motion to Remand [5], but the Court denied it, finding that Plaintiff's negligence

2

claim against Scott was preempted by the Carmack Amendment.[1] *Eagle Transp., LLC v. Scott*, No. 2:11-CV-96-KS-MTP, 2011 U.S. Dist. LEXIS 60958, at *13 (S.D. Miss. June 7, 2011). Plaintiff subsequently filed an Amended Complaint, in which it asserted a claim under the Carmack Amendment and a breach of contract claim against Scott.

On January 30, 2012, Plaintiff filed a Motion for Partial Summary Judgment [42] as to its claims against Scott, which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the

---

[1] 49 U.S.C. § 14706.

evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## III. DISCUSSION

### A. *Scott's Failure to Deny Plaintiff's Allegations*

Plaintiff filed its Complaint on March 11, 2011, in the County Court of Lamar County, Mississippi [1-1]. Scott was served with process on March 28, 2011 [2]. He answered the Complaint by writing "I, Willie Scott, have filed bankruptcy, and my attorney is sending everyone . . . copies"[2] across the bottom of the summons and mailing it to Plaintiff's attorney on April 20, 2011, who then forwarded the document to the County Court's clerk for filing. The document was filed by the state court clerk on April 26, 2011. "After removal, repleading is unnecessary unless the court orders it." FED. R. CIV. P. 81(c)(2). The Court did not order Scott to file another answer after Great American removed the case.

On August 9, 2011, Plaintiff filed its Amended Complaint [22]. Therein, Plaintiff certified that it had forwarded a copy of the Amended Complaint to Scott. Scott never

---

[2]The record contains no evidence that Scott filed a petition for bankruptcy, and he has not filed a notice of bankruptcy with this Court.

4

answered the Amended Complaint.

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." FED. R. CIV. P. 8(b)(6). Therefore, by failing to deny any of Plaintiff's well-pled allegations of fact, Scott admitted them.

Plaintiff has presented two claims against Scott: a breach of contract claim under Mississippi law, and a claim under the Carmack Amendment.

## B.     *Carmack Amendment*

"The Carmack Amendment allows a shipper[3] to recover damages from a carrier for actual loss or injury to the property resulting from the transportation of cargo in interstate commerce. A carrier's liability under the Carmack Amendment includes all reasonably foreseeable damages resulting from the breach of its contract of carriage, including those resulting from nondelivery of the shipped goods as provided by the bill of lading." *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549 (5th Cir. 2005) (punctuation and footnotes omitted). To recover under the Carmack Amendment,

---

[3]Although the Fifth Circuit has not addressed the issue, the Seventh Circuit has held that a transportation broker standing in the position of a shipper is a person entitled to recover under the Carmack Amendment. *See REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 699-700 (7th Cir. 2008). Federal courts have also considered Carmack Amendment claims asserted by an insurer subrogated to a shipper's rights. *See Cont'l Ins. Co. v. SAIA Motor Freight Line, Inc.*, 210 F. App'x 381, 382 (5th Cir. 2006); *Atl. Mut. Ins. Co. v. NAPA Transp., Inc.*, 201 F. App'x 19, 20 n. 1 (2nd Cir. 2006); *Fireman's Fund McGee v. Landstar Ranger, Inc.*, 250 F. Supp. 2d 684, 686 (S.D. Tex. 2003); *Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1105 (D. Nev. 2003). Accordingly, the Court finds that Plaintiff – the subrogee for the shipper, Peco Foods, Inc. – is a person entitled to recover under the Carmack Amendment.

5

"a shipper must establish a *prima facie* case of negligence by demonstrating: (1) delivery of goods in good condition; (2) receipt by the consignee of less goods or damaged goods; and (3) the amount of damages." *MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 479 (5th Cir. 2006). Once a shipper establishes a *prima facie* case of negligence, "there is a rebuttable presumption of negligence." *Id.* "The carrier can overcome this presumption by showing that it was free from negligence *and* that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority." *Id.*

In the present case, Scott's admissions of fact are sufficient to make out a *prima facie* case of negligence under the Carmack Amendment. By failing to answer Plaintiff's well-pled allegations of fact, he admitted that he received the subject goods in good condition, that the goods never arrived at their intended destination, and that Plaintiff was damaged. *Id.* He has not presented any evidence that he was free from negligence and that the damage was caused by the inherent nature of the goods or an act of God, public enemy, the shipper, or public authority. Therefore, there is no genuine dispute of material fact as to the liability of Defendants Willie Scott and Willie Scott d/b/a Scotty's Trucking under the Carmack Amendment.

Plaintiff presented undisputed evidence that its damages totaled $49,808.19. Accordingly, the Court grants Plaintiff's Motion for Partial Summary Judgment [42] with respect to its Carmack Amendment claim against Defendants Willie Scott and Willie Scott d/b/a Scotty's Trucking in the principal amount of $49,808.19.

Plaintiff also requested pre-judgment interest. "[F]ederal law governs the range

of remedies, including the allowance and rate of prejudgment interest, where a cause of action, as in this case, arises out of a federal statute." *Carpenters Dist. Council v. Dillard Dep't Stores*, 15 F.3d 1275, 1288 (5th Cir. 1994). "The determination of whether prejudgment interest should be awarded requires a two-step analysis: does the federal act creating the cause of action preclude an award of prejudgment interest, and if not, does an award of prejudgment interest further the congressional policies of the federal act." *Id.*

The Carmack Amendment does not forbid the award of prejudgment interest. *See* 49 U.S.C. § 14706. Furthermore, it is clear that Congress intended for carriers to be responsible for all losses resulting from the failure to discharge a duty as to any part of agreed transportation. *See Tran Enters., LLC*, 627 F.3d at 1008. Indeed, other courts have awarded pre-judgment interest in Carmack Amendment cases. *See Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys.*, 325 F.3d 924, 938 (7th Cir. 2003); *Atl. Mut. Ins. Co. v. Napa Transp. Inc.*, 399 F. Supp. 2d 523, 525 (S.D.N.Y. 2005); *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F. Supp. 985, 996-97 (N.D. Ga. 1982). Therefore, the Court concludes that an award of pre-judgment interest is appropriate here.

Because Plaintiff's cause of action arises from a federal law, the amount of pre-judgment interest is a question of federal law. *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 983 (5th Cir. 1991). However, there is no generally applicable federal statute governing pre-judgment interest. *Id.* at 984. Accordingly, the Court looks to state law for guidance. *Id.* Therefore, the Court awards Plaintiff pre-judgment interest at the rate

7

of eight percent (8%) per annum, calculated according to the actuarial method,[4] running from the date upon which the subject goods were due to be delivered[5] to the entry of judgment against Defendants Willie Scott and Willie Scott d/b/a Scotty's Trucking.

Plaintiff also requested post-judgment interest. The Court awards Plaintiff post-judgment interest at the federal rate prescribed by 28 U.S.C. § 1961, running from the entry of judgment against Defendants Willie Scott and Willie Scott d/b/a Scotty's Trucking. *See Nat'l Hispanic Circus, Inc.*, 414 F.3d at 553 (affirming district court's judgment, which included award of post-judgment interest).

## C. *Breach of Contract*

"The Fifth Circuit has . . . construed the preemptive scope of the Carmack Amendment to be sweeping, holding that Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Tran Enters., LLC*, 627 F.3d at 1008. "Indeed, the Fifth Circuit has rejected nearly all state-law claims regarding loss of or damage to goods in interstate ground shipping as preempted by the Amendment." *Id.* In summary, Carmack preemption applies "when

---

[4]*See* MISS. CODE ANN. § 75-17-1 (2012); *Burnsed Oil Co., Inc. v. Grynberg*, 320 F. App'x 222, 232 (5th Cir. 2009) (applying Miss. Code Ann. § 75-17-1 to determine rate of pre-judgment interest under state law).

[5]*See George R. Hall, Inc.*, 532 F. Supp. at 998 (awarding prejudgment interest on Carmack claim from the date goods were to be delivered), *cited with approval in Hiram Walker & Sons, Inc. v. Kirk Line*, 877 F.2d 1508, 1517 n. 11 (11th Cir. 1989).

8

there has been any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Id.*

The Fifth Circuit has held that the Carmack Amendment completely preempts state law breach of contract claims against common carriers for the loss or damage of the shipped goods. *Id.* at 1009; *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993). Therefore, the Carmack Amendment preempts Plaintiff's breach of contract claim against Scott. Accordingly, the Court denies Plaintiff's Motion for Partial Summary Judgment [42] with respect to its breach of contract claim against Defendants Willie Scott and Willie Scott d/b/a Scotty's Trucking and dismisses the claim as preempted by federal law.

## IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Plaintiff's Motion for Partial Summary Judgment [42] as to its claims against Defendants Willie Scott and Willie Scott d/b/a Scotty's Trucking. The Court grants the motion with respect to Plaintiff's Carmack Amendment claim. The Court awards Plaintiff principal damages of $49,808.19, plus pre-judgment interest at eight percent (8%) per annum calculated according to the actuarial method from the date upon which the subject goods were due to be delivered to the entry of judgment, plus post-judgment interest at the federal rate prescribed by 28 U.S.C. § 1961. However, the Court denies the motion with respect to Plaintiff's breach of contract claim and dismisses the breach of contract claim as preempted by federal law. A Rule 54(b) judgment in accordance with this opinion will be entered separately.

SO ORDERED AND ADJUDGED this 13th day of April, 2012.

                                            *s/Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE