IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EAGLE TRANSPORTATION, LLC**                                      **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 2:11-CV-96-KS-MTP**

**WILLIE SCOTT, et al.**                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

For the reasons stated below, the Court **grants** Defendant Great American Insurance Company's Motion for Reconsideration [103] of the Court's Memorandum Opinion and Order of May 14, 2012 [92].

**I. STANDARD OF REVIEW**

Motions for reconsideration are either addressed under Rule 59(e) or Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). The timing of the motion determines which rule applies. *Id.* A motion for reconsideration filed and served within twenty-eight days of the filing of the order to be reconsidered is reviewed under Rule 59(e), while anything filed and served after that is reviewed under Rule 60(b). *See Yarrito v. United States*, No. 5:11-CV-44-DCB-JMR, 2011 U.S. Dist. LEXIS 52312, at *1 (S.D. Miss. May 16, 2011); *Gunn v. City of Cleveland*, No. 2:09-CV-114-MPM, 2011 U.S. Dist. LEXIS 83927, at *3-*4 (N.D. Miss. July 29, 2011).

Great American filed its Motion for Reconsideration [103] on May 25, 2012, eleven days after the Court entered its Memorandum Opinion and Order [92] granting in part and denying in part Great American's Motion for Summary Judgment [37] and

denying Plaintiff's Motion for Summary Judgment [40]. Therefore, Rule 59(e) applies. Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Granting a Rule 59(e) motion is "an extraordinary remedy," and it "should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007).

The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, its discretion is not limitless, and it should be exercised with two "important judicial imperatives" in mind: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479. There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). In the present case, Great American has demonstrated that the Court committed a clear error of law that must be corrected.

## II. DISCUSSION

Plaintiff previously argued that the Alabama doctrine of equitable estoppel barred Great American from rescinding Scott's policy and denying Plaintiff's claim. The

2

general elements of equitable estoppel are: "(1) A position of authority assumed by defendant [insurer] under the color of right; (2) submission to and reliance upon that assumption, by plaintiff [insured]; and (3) injury suffered by plaintiff as a proximate consequence of such submission and reliance." *Blue Cross & Blue Shield, Inc. v. Taylor*, 370 So. 2d 1040, 1042 (Ala. 1979) (punctuation omitted, alterations original). There are also particular requirements for both the party to be estopped, and the party claiming estoppel. *Id.* First, with respect to the party to be estopped, there must be:

> (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts.

*Id.* With respect to the party claiming estoppel, the essential elements are:

> (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Id.*

Plaintiff argued that it detrimentally relied upon the Certificate of Insurance issued by Great American. The Court previously held that there was a genuine dispute of material fact as to 1) whether Great American's issuance of a Certificate of Insurance constituted conduct which was calculated to convey the impression that the facts were otherwise than, and inconsistent with, those Great American later asserted; 2) whether Great American had constructive knowledge or should have known the

3

actual facts regarding Scott's policy application; and 3) whether Plaintiff's reliance on the Certificate of Insurance was reasonable.

After reviewing the party's briefs and the applicable Alabama law, the Court believes that it erred. Plaintiff offered no evidence that Great American intended to mislead it by issuing the Certificate of Insurance. The Certificate contained a clear and unambiguous disclaimer which provided that it "does not amend, extend or alter the coverage afforded" by the policy, and that the "insurance provided by the policies described . . . is subject to all the terms, exclusions and conditions of such policies." The Certificate also expressly addressed the possibility that the policy may be cancelled prior to its expiration date. It included the following provision: "Should any of the above policies be cancelled before the expiration date thereof, the issuing insurer will endeavor to mail ____ days written notice to the certificate holder named to the left, but failure to do so shall impose no obligation or liability of any kind upon the insurer . . . ." In summary, the Certificate accurately represented that Scott had coverage of a certain amount on May 20, 2009, but that such coverage was subject to all the terms, exclusions, and conditions of the policy, and that it may be terminated prior to the stated expiration date with or without notice to the Certificate's recipient.

Therefore, the Court can not construe Great American's issuance of the policy as conduct intended to mislead Plaintiff. Plaintiff failed to offer any evidence – beyond the mere issuance of the Certificate – that Great American engaged in "conduct which amounts to a false representation or concealment of material facts," or that was "calculated to convey the impression that facts [were] otherwise than, and inconsistent

4

with, those which [it] subsequently attempt[ed] to assert." *Taylor*, 370 So. 2d at 1042.

Furthermore, to whatever extent Plaintiff relied on the Certificate, that reliance was unreasonable in light of the Certificate's unambiguous disclaimers. A party claiming equitable estoppel must have relied upon the actions or representations of the party to be estopped "in good faith." *Id.* Phrased differently, "[a]pplication of the doctrine of equitable estoppel must be tempered by applying a standard of reasonable reliance." *Jim Walter Homes, Inc. v. Kendrick*, 810 So. 2d 645, 651 (Ala. 2001); *see also Hughes v. Mitchell Co.*, 49 So. 3d 192, 200-01 (Ala. 2010) (where a party produced no evidence to show that she "reasonably relied" upon the conduct of the party to be estopped, her estoppel argument was rejected); *McCormack v. Amsouth Bank, N.A.*, 759 So. 2d 538, 543 (Ala. 1999).

Accordingly, the Court erred in its previous decision. It should have found that the doctrine of equitable estoppel was inapplicable because Plaintiff had failed to present any evidence that Great American engaged in conduct which amounted to a false representation or concealment of material facts or which was calculated to convey the impression that the facts were otherwise than, and inconsistent with, those which it subsequently attempted to assert. *Taylor*, 370 So. 2d at 1042. Plaintiff also failed to present any evidence that it reasonably relied on the Certificate. *Kendrick*, 810 So. 2d at 651.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant Great American

Insurance Company's Motion for Reconsideration [103].

As noted in the Court's earlier order, the trial of this matter that was scheduled to begin on Wednesday, June 13, 2012, is continued. Counsel shall contact the chambers of the undersigned on or before June 14, 2012, to schedule a teleconference to discuss any remaining issues in this case.

SO ORDERED AND ADJUDGED this 12th day of June, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE