IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EAGLE TRANSPORTATION, LLC**                                                         **PLAINTIFF**

V.                                              CIVIL ACTION NO. 2:11-CV-96-KS-MTP

**WILLIE SCOTT, et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's objection [124] to Defendant's Bill of Costs [123] is **sustained in part and overruled in part**.

### I. BACKGROUND

On July 17, 2012, the Court entered a Final Judgment [122] in favor of Defendant Great American Insurance Company. On July 23, 2012, Defendant filed its Bill of Costs [123], seeking to recover the following expenses: 1) $350.00 for the Court's filing fee; 2) $931.20 for transcripts; 3) $1,482.34 for a witness's travel expenses; 4) $1,935.62 for exemplification; and 5) $121.27 for counsel's travel expenses. Defendant attached various documents in support of the Bill of Costs, and its counsel provided a declaration under penalty of perjury that the claimed costs were correct, that they were necessarily incurred in this case, and that the services for which fees were charged had been provided. Plaintiff made various objections [124] to the Bill of Costs, which the

Court now addresses.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1). The Clerk waited the requisite fourteen days before taxing costs to the Plaintiff. However, Plaintiff did not file its motion for review "within the next 7 days" after the taxation of costs. *Id.* Rather, Plaintiff filed the motion for review *before* taxation.

While a strict reading of Rule 54(d)(1) may indicate that Plaintiff's motion for review was untimely, Local Rule 54(c) provides that "a motion for review of or objecting to the taxation of costs is subject to the requirements of L.U.Civ.R. 7(b)." L.U.Civ.R. 54(c). Local Rule 7(b) governs motion practice, and it provides that a party responding to a motion must file a response within fourteen days after service of the motion. L.U.Civ.R. 7(b)(4). Plaintiff filed its objections less than a week after Defendant filed its Bill of Costs. Therefore, the objections were timely. L.U.Civ.R. 54(c), 7(b)(4); *see also Hillman v. Berkshire Med. Ctr., Inc.*, 2012 U.S. Dist. LEXIS 37240, at *7 n. 1 (D. Mass. Mar. 20, 2012) (where party filed objection to bill of costs prior to clerk's taxation, Rule 54 was inapplicable).

Congress provided that:

A judge or clerk of any court of the United States may tax as costs the

following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court "may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010).

"[C]ourts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates. Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). However, there is "a strong presumption that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption since denial of costs is in the nature of a penalty." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010).

A.  *Court Fees*

Plaintiff has no objection to the taxation of $350.00 for the Court's filing fee.

B.  *Transcripts*

Plaintiff has no objection to the taxation of $931.20 for transcripts.

C.  *Expert Witness Travel Expenses*

Plaintiff objects to the taxation of $1,482.34 for Defendant's expert witness's travel expenses. Plaintiff argues that 28 U.S.C. § 1821 only requires the payment of travel expenses incurred by a witness "in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States." 28 U.S.C. § 1821(a)(1). There was no trial in this case. Accordingly, Plaintiff argues that Defendant's expert witness did not incur any travel expenses "in attendance" of the trial. In response, Defendant maintains that the fees were necessary for its witness's attendance at trial, but Defendant fails to address Plaintiff's substantive argument that the witness did not actually attend a trial.

28 U.S.C. § 1821 explicitly provides for the payment of travel expenses for witnesses "in attendance at any court of the United States." 28 U.S.C. § 1821(a)(1). The statute's subsections expressly contemplate that the witness receiving travel expenses attended a court proceeding. *See* 28 U.S.C. §§ 1821(b) (". . . shall be paid an attendance fee . . ."), (c)(1) (". . . from the place of attendance . . ."), (d)(1) (". . . at the place of attendance . . ."). In the present case, Defendant's expert witness did not attend a court proceeding. Therefore, 28 U.S.C. § 1821 does not provide for the payment of his travel

expenses. "Costs not authorized by statute may not be awarded by the district court." *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005). Therefore, the Court sustains Plaintiff's objection to the taxation of $1,482.34 for expert witness travel expenses.

### D.   *Exemplification*

First, Plaintiff objects to $738.30 of Defendant's exemplification costs on the basis that they were for "blow-up" trial exhibits. Defendant concedes that it can not recover this amount. Therefore, the Court sustains Plaintiff's objection to $738.30 of the exemplification costs.

Next, Plaintiff objects to the remaining exemplification costs of $1,197.32, on the basis that Defendant did not provide sufficient documentation in support of the expenses. Before the Court can tax the costs of photocopying, "it must find that the copies for which costs were sought were necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 65 (5th Cir. 1994). "[M]ultiple copies of relevant documents may not be charged to an opponent," *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999), and "[a]dditional charges incurred merely for the convenience of one party's counsel should not be taxed to the other." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).

Defendant provided its counsel's declaration under penalty of perjury that at least $838.00 of the requested amount were for single copies of documents used in this case, excluding any charges of copies of client correspondence and other documents made only for the convenience of Defendant and its counsel. The declaration is

sufficient evidence that $838.00 of the submitted $1,197.32 may be taxed to Plaintiff. Accordingly, the Court overrules Plaintiff's objection to $838.00 of the copying costs, but sustains the objection as to the remaining $359.32.[1]

### E.   Counsel's Travel Expenses

Defendant concedes that it can not recover $121.27 for its counsel's travel expenses. Accordingly, the Court sustains Plaintiff's objection to that amount.

### III. CONCLUSION

For the reasons stated above the Court **sustains in part and overrules in part** Plaintiff's objections to Defendant's bill of costs. The Court sustains the objection as to:

- $1,482.34 taxed for Defendant's expert witness's travel expenses;
- $738.30 taxed for "blow-up" trial exhibits;
- $359.32 of the amount taxed for photocopies; and
- $121.27 taxed for Defendant's counsel's travel expenses.

The Court overrules the objection in all other respects. Accordingly, Plaintiff shall be taxed the following costs incurred by Defendant:

- $350.00 for this Court's filing fee;
- $931.20 for transcripts; and
- $838.00 for photocopies.

Therefore, Plaintiff is taxed a total of $2,119.20. The Court will enter a judgment

---

[1] $1,197.32 – $838.00 = $359.32

consistent with this opinion.

SO ORDERED AND ADJUDGED this 6th day of August, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE